OPINION
Appellant/Cross-Appellee, Delores M. Karnofel ("Karnofel"), appeals a decision of the Niles Municipal Court granting her judgment in the amount of $250 plus costs for an "ill-fitted" haircut she received from appellee/cross-appellant, Ron Watson ("Watson"), on March 1, 1999. Watson has also filed a cross-appeal. The following facts, as set forth in the parties' App.R. 9(C) statement, and approved by the trial court, are relevant for a determination of this appeal.
Karnofel went to the beauty salon located within the Kaufmann's department store inside the Eastwood Mall in Niles, Ohio, on March 1, 1999, to have her hair cut. Karnofel was a walk-in customer and was referred to stylist Watson. Watson trimmed Karnofel's hair, then gave her the opportunity to examine it. She instructed him to cut more hair. Watson complied with her request, then gave her another opportunity to look at her hair. She did not complain at that juncture. Karnofel then sat under the hair dryer and, according to Watson, she "messed" with her hair while under the hair dryer resulting in a much fuller appearance.
Once her hair was dry, Karnofel was dissatisfied with her appearance and complained about her hair cut. As a result, she was not required to pay the $14 fee normally charged for a haircut. Karnofel later called the salon to complain to the shop manager.
On March 5, 1999, Karnofel filed a small claims complaint in Niles Municipal Court against Watson alleging an "ill-fitted" haircut. She sought a judgment in the amount of $3,000. A hearing was held by the trial court on April 12, 1999. On April 13, 1999, the trial court entered judgment in favor of Karnofel in the amount of $250 plus costs.
Karnofel timely filed a notice of appeal and Watson timely filed a notice of cross-appeal. Karnofel, acting pro se in this matter, has filed her own appellate brief but has failed to articulate any assigned errors in violation of App.R. 16(A)(3) and Loc.R. 12(B) of the Eleventh District Court of Appeals. Watson has set forth a single assignment of error:
 "The court erred by awarding extra-contractual damages in a case where Plaintiff alleged she received a poor haircut at Defendant's hair salon but did not allege or produce evidence of a tort or an injury that would constitute damages for purposes of tort or contract law."
 While Karnofel has failed to identify any particular assignment of error, in her argument, it is clear that her contention is that the trial court's award of damages in the amount of $250 was insufficient to cover her loss. In essence, Karnofel has set forth a manifest weight challenge.
After reviewing the App.R. 9(C) statement, which is all we have to examine in deciding this appeal, it is clear that we cannot increase Karnofel's award. There is nothing in that statement that addresses the issue of monetary damages. The trial court judge listened to the witnesses, determined their credibility, and weighed the evidence. Those tasks are for the trier of fact, not the appellate court. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 23. Based upon the state of the record before us, we cannot conclude that the trial court's award of damages was unreasonable, arbitrary, or unconscionable. Hence, Karnofel's sole assignment of error is without merit.
In Watson's cross-appeal, he has raised a single assignment of error. He contends that Karnofel was entitled to nothing since she did not allege or produce evidence of a tort or breach of a contract. We agree that this case would not be proper under any tort theory. However, we can conclude that Karnofel was entitled to recover damages under a contract analysis. There was a breach of a contract, and damages naturally flowed therefrom.
Watson argues that there was no damage "in a legal sense" because Karnofel was not required to pay for the haircut. Additionally, Watson contends that there was no evidence of expense that Karnofel incurred either for substitute performance or to remedy the alleged bad haircut. That is not exactly correct. It is apparent that Karnofel testified that she purchased some type of health food supplement in order to increase the growth rate of her hair. Karnofel bargained for a satisfactory haircut. She believed she did not receive what she bargained for. In fact, she claimed that she was, at least temporarily, made to look worse than if she had not received any haircut. It is apparent that the trial court, after hearing the witnesses and seeing the evidence, agreed with Karnofel. While we do not condone the practice of suing one's hair stylist for a bad haircut, for who knows what that will lead to next, we cannot conclude that the trial court abused its discretion in entering judgment in favor of Karnofel, and awarding her $250. We also emphasize that this is a small claims action where the procedural rules are somewhat relaxed compared to a normal civil action. Parties are given a greater degree of latitude consistent with the purpose behind small claims actions. Watson's assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 _________________________________ JUDGE WILLIAM M. O'NEILL
 DISSENTING OPINION